UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SEYDINA DIOP,

              Plaintiff,                      Case No. 1:26-cv-1261

v.                                       Honorable Robert J. Jonker

MARKWAYNE MULLIN et al.,

              Defendants.

_____/

**ORDER**

This is a civil rights action[1] brought by a former United States Immigration and Customs Enforcement detainee.[2] Upon review of *pro se* Plaintiff's motion for leave to proceed *in forma*

---

[1] When Plaintiff filed this action, he indicated that he intended to pursue this action under 42 U.S.C. § 1983. However, Plaintiff presents claims against federal actors, rather than state actors. Under these circumstances, it appears that Plaintiff's action can be construed as a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] The Court notes that Plaintiff initiated this action by filing a complaint in the United States District Court for the Southern District of Ohio on April 13, 2026. Believing that Plaintiff was detained at the North Lake Processing Center in Baldwin, Lake County, Michigan, when he initiated the action, the Southern District of Ohio transferred the action to this Court "for the convenience of the parties and in the interest of justice." (S.D. Ohio Order, ECF No. 3 (stating that "it appears that this action might have been brought in the Western District of Michigan").) However, as of April 11, 2026, Plaintiff was released from ICE custody after being detained at the Butler County Jail in Hamilton, Ohio. Second Suppl. Status Report, *Diop v. Raycraft*, No. 1:26-cv-255 (W.D. Mich. Apr. 12, 2026), (ECF No. 22). And, in Plaintiff's corrected amended complaint, Plaintiff states that the events at issue in the action occurred on "March 23, 2026, at the ICE facility in Blue Ash, Ohio." (Corrected Am. Compl., ECF No. 8, PageID.23.) In the interest of judicial efficiency, as set forth in this order, the Court directs service of the corrected amended complaint; however, the Court has made no final determination regarding the proper venue for this action.

*pauperis*, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Further, it is **ORDERED** that the Clerk shall issue summonses for Defendants and forward the summonses and corrected amended complaint (ECF No. 8) to the U.S. Marshals Service, which is authorized to serve Defendants pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.

Dated:    June 9, 2026                                             /s/ Robert J. Jonker
                                                                                Robert J. Jonker
                                                                                United States District Judge